25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Linda H. LOUGHRIDGE, Plaintiff-Appellant,
v.
F. Stephen ALLEN and Painewebber, Inc., Defendants-Appellees.
 No. 93-5099.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before KELLY, BARRETT, Circuit Judges, and THEIS, District Judge.[2]
 
 
 2
 Plaintiff-appellant Linda H. Loughridge appeals the district court's denial of her summary judgment motion refusing to vacate or modify the arbitration award in favor of defendants F. Stephen Allen and Painewebber, Inc. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 3
 This dispute arose over an alleged attempted sale by Ms. Loughridge of 20,000 shares of Sooner Federal Savings and Loan Association stock through defendants Mr. Allen, a stockbroker, and Painewebber, Inc., a brokerage firm. Ms. Loughridge's statutory and common law claims were compelled to arbitration by a summary opinion of the Oklahoma Court of Appeals. Thereafter, she filed a claim with the National Association of Security Dealers (NASD). The NASD arbitration panel held a hearing in nine sessions and entered an award in favor of Defendants on all counts. The district court effectively confirmed the award on summary judgment, citing Jenkins v. Prudential-Bache Securities, Inc., 847 F.2d 631 (10th Cir.1988), for the limited standard of review of arbitration awards. Ms. Loughridge appealed the federal securities claim.
 
 
 4
 To say we afford great deference to the arbitration panel's award is an understatement. In NCR Corp., E & M Wichita v. International Ass'n of Machinists & Aerospace Workers, Dist. Lodge No. 70, 906 F.2d 1499, 1503-04 (10th Cir.1990), we stated: "Indeed no matter how dubious an arbitrator's decision might appear ... if the arbitrator did not stray beyond the four corners of the agreement to find the essence of his decision, the arbitrator's award must be upheld." Id. at 1504. This is so regardless that error has been committed or that a court would reach a contrary conclusion. The parties are entitled to get what they bargained for--the decision of an arbitrator. We review the district court's conclusions concerning an arbitration award de novo. Id. at 1500.
 
 
 5
 Ms. Loughridge argues that the panel gave no explanation for its decision and it must have disregarded federal securities law when it held in favor of Defendants because, in her view, the evidence established the Defendants' liability.[3] Although Mrs. Loughridge attempts to couch her argument in terms of "manifest disregard of the law" or lack of "rational basis" or "essence from the contract of the parties," in actuality she is requesting us to review the evidence put before the panel. This we cannot do.
 
 
 6
 The arbitrator's award is not open to review on the merits. Amalgamated Butcher Workmen v. Capitol Packing Co., 413 F.2d 668, 672 (10th Cir.1969) ( cited in Jenkins v. Prudential-Bache Securities, Inc., 847 F.2d 631, 635 (10th Cir.1988)). Nor are arbitrators required to explain the reasons for their award. Eljer Mfg., Inc. v. Kowin Dev. Corp., 14 F.3d 1250, 1254 (7th Cir.1994). In reviewing an arbitration award, we do not weigh the credibility of witnesses, assign weight to their testimony, or determine facts. Amalgamated Butcher, 413 F.2d at 672.
 
 
 7
 Here, whether Ms. Loughridge entered a sell order was a hotly contested factual issue before the arbitration panel. Without a sell order, no federal claim exists. See 15 U.S.C. 78j ("It shall be unlawful ... [t]o use or employ, in connection with the purchase or sale of any [registered] security ..., any manipulative or deceptive device ....") (emphasis added); 17 C.F.R. 240.10b-5 (1993) (same). We cannot substitute our judgment for implicit factual determinations of the arbitration panel. We find no basis to conclude that the arbitration panel disregarded the applicable law.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 The Honorable Frank G. Theis, Senior United States District Judge for the District of Kansas, sitting by designation
 
 
 [3]
 Loughridge does not argue that the arbitration award should be overturned pursuant to 9 U.S.C. 10. Therefore we deem those issues waived. Fed. R.App. P. 28(a)(3); Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir.1992)